UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| vs. | ) CAUSE NO. 3:14-CV-1696-RLM-CAN |
| MARVIN D. MILLER, | ) |
| DEFENDANT. | ) |

OPINION and ORDER

This matter is before the court on a motion to dismiss filed by defendant Marvin D. Miller. Plaintiff United States of America seeks unpaid income tax liabilities and unpaid civil penalty liabilities from Mr. Miller. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Mr. Miller moves to dismiss the complaint for failure to state a claim upon which relief may be granted. He argues the assessment of income tax was barred by the statute of limitations and the civil penalties were arbitrary and capricious. The United States opposes the motion.

I. BACKGROUND

Mr. Miller didn't file income tax returns for the years 1991 – 1995. On July 5, 2004, the Internal Revenue Service made assessments of federal income tax, civil penalties, and interest against Mr. Miller for the tax years 1991 – 1995. The IRS also made separate civil penalty assessments for frivolous filings against Mr. Miller on various dates in 2004 – 2009, 2011, and 2013 for the tax years 2002 – 2010. The United States claims that despite notices and demands

for payments, Mr. Miller has refused to pay the assessed amounts. Mr. Miller doesn't dispute this claim. As of March 30, 2014, the assessments for tax years 1991 – 1995 totaled $435,655.38 and the assessments for tax years 2002 – 2010 totaled $44,172.57.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows dismissal when the movant fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts to be true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Mindful of Mr. Miller's *pro se* status, the court reads his filings liberally. Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996). The court will "give a *pro se* [party] a break when, although he stumbles on a technicality, his [filing] is otherwise understandable." Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998). Nevertheless, the court is under "no obligation to act as counsel or paralegal to *pro se* litigants." Myles v. United States, 416 F.3d 551, 552 (7th Cir. 2005).

III. Discussion

Mr. Miller claims the IRS had until May 19, 2004 to assess the tax for the years 1991 – 1995. He points to the "Account Transcript" that he claims to have received from the IRS for each of the years and that he attached to his motion. In the "Transactions" section of the transcripts, a line item states, "IRS can assess tax until 5-19-2004." The IRS assessed the tax on July 5, 2004, so Mr. Miller thinks the assessment was untimely.

The United States first disputes the authenticity of the Account Transcripts and argues the court's use of the transcripts to decide a motion to dismiss would be inappropriate. The court agrees. The court may consult matters outside the pleadings without converting a motion to dismiss to one for summary judgment under limited circumstances. *See* <u>Santana v. Cook Cnty. Bd. of Review</u>, 679 F.3d 614, 619 (7th Cir. 2012) (documents that were referred to in the complaint, authentic, and central to the plaintiff's claim weren't matters outside the pleadings for the purposes of Federal Rule of Civil Procedure 12(d)). The transcripts weren't mentioned in the complaint or authenticated and so don't fall within the limited circumstances that would allow the court to consult them to support the motion to dismiss.

The United States contends no statute limits the time period within which the IRS may assess liabilities against individuals who don't file a tax return. Under 26 U.S.C. § 6020(b)(1), if a taxpayer doesn't file a tax return, the

IRS must make a return for the taxpayer. Section 6020 doesn't specify a time frame within which the IRS must make this return. Mr. Miller didn't file returns for tax years 1991 – 1995, and as a result, the United States says the IRS made his returns as it was required to do by § 6020(b)(1). In general, taxes must be assessed within three years after a return is filed. 26 U.S.C. § 6501(a). If, however, the tax return is executed by the IRS under § 6020, like Mr. Miller's tax returns for the years 1991 – 1995 were, the making of the return doesn't start the clock on the three-year statute of limitations on assessment and collection. 26 U.S.C. § 6501(b)(3). In sum, no statute limited the time frame within which the IRS could make the returns for Mr. Miller or within which the IRS could enter assessments against him based on those returns.

Mr. Miller contends 26 U.S.C. § 6502(a) is the relevant statute of limitations. Under § 6502(a)(1), an assessment may be collected by a court proceeding within ten years after the assessment of the tax. Mr. Miller claims he was told the IRS had until May 19, 2004 to make the assessments. The United States, however, claims the assessments were made on July 5, 2004, and the court must accept all well-pleaded facts in the complaint, such as this date, to be true for the purpose of the motion to dismiss. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). The complaint was filed on July 2, 2014 – within ten years of July 5, 2004 – and as a result states a claim upon which relief plausibly may be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Mr. Miller's argument that the civil penalty assessments for the tax years 2002 – 2010 were arbitrary and capricious is based on his claim that the assessments for tax years 1991 – 1995 were erroneous. The court denies his motion to dismiss those assessments as untimely, so this contingent argument also collapses.

Finally, Mr. Miller generically argues the United States didn't plead sufficient facts to state a cause of action and points to the IRS's burden of proof under 26 U.S.C. § 6703(a). Mr. Miller doesn't tell the court how the United States' allegation that he hasn't paid civil penalty assessments the IRS made against him for the tax years 2002 – 2010 is insufficient. The complaint must only state a claim to relief that is plausible on its face, <u>Ashcroft</u>, 556 U.S. at 678, and the United States offers enough information to do so.

IV. CONCLUSION

For the foregoing reasons, the court DENIES the defendant's motion to dismiss (Doc. No. 6).

SO ORDERED.

ENTERED: <u>February 23, 2015</u>

<u>         /s/ Robert L. Miller, Jr.         </u>
Judge
United States District Court