UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:14-cv-1696-RLM-CAN |
| ) | |
| MARVIN D. MILLER, ) | |
| ) | |
| Defendant. ) | |

OPINION and ORDER

The United States filed suit against defendant Marvin D. Miller, seeking to recover several years' worth of unpaid income taxes, penalties, costs and interest. The case is before the court on the government's motion for summary judgment (Doc. No. 23), which is unopposed.[1] For the reasons that follow, the court grants the motion and enters summary judgment in favor of the government.

I. Background

Because Mr. Miller hasn't responded to or otherwise opposed the government's motion for summary judgment, the following facts are deemed

---

[1] The government initially neglected to serve Mr. Miller with the notice required by the Local Rules where the nonmovant is proceeding pro se. The court ordered the government to serve such notice and extended Mr. Miller's time to respond to the motion, warning Mr. Miller that "[f]ailure to respond to the government's motion for summary judgment with appropriate documentation could lead to entry of summary judgment against him." (Doc. No. 25). The extended deadline has now passed, and Mr. Miller has neither responded to the summary judgment motion nor moved for additional time to do so.

admitted. For each year between 1991 and 1995,[2] Mr. Miller filed a tax return by submitting a Form 1040 listing his name and address and claiming exemptions for his dependents. The forms were incomplete in a number of material ways. Instead of listing his own and his spouse's Social Security numbers, Mr. Miller stated "rescinded" or "unknown." In the portions of the forms requesting information on Mr. Miller's income, deductions, or taxes owed, he either typed "00" or "None" or filled the spaces with asterisks. Elsewhere on the forms, Mr. Miller clarified that the asterisks represented a general objection to the question under the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, and 14th Amendments.

The IRS investigated and determined that Mr. Miller did in fact have income from his insurance sales business for the years in question. The Secretary of the Treasury made the following assessments against Mr. Miller:

| Tax Period | Assessment Date | Assessment Type | Assessed Amount |
|---|---|---|---|
| 1991 | 07/05/2004 | Tax Assessed | $24,881.00 |
|  | 07/05/2004 | Estimated Tax Penalty | $1,085.16 |
|  | 07/05/2004 | Late Filing Penalty | $6,200.25 |
|  | 07/05/2004 | Interest | $47,499.04 |
|  | 12/20/2010 | Failure to Pay Penalty | $6,220.24 |
| 1992 | 07/05/2004 | Tax Assessed | $9,114.00 |
|  | 07/05/2004 | Estimated Tax Penalty | $397.50 |
|  | 07/05/2004 | Late Filing Penalty | $2,278.50 |

---

[2] The government has submitted as exhibits only the Form 1040s that Mr. Miller filed for the 1991 and 1994 tax years, but states that these are representative of the forms Mr. Miller filed for the other years in question. It is reasonable to infer that the other forms were substantially similar, because the 1991 and 1994 forms follow Mr. Miller's modus operandi; Mr. Miller has been filing Form 1040s with the same deficiencies for decades. This court ruled three times in the 1980s that forms filed by Mr. Miller were frivolous as a matter of law, and in all those cases the Mr. Miller's returns shared the same characteristic pattern of omissions and frivolous constitutional "objections" as are present in the 1991 and 1994 forms. See Miller v. United States, 577 F. Supp. 980, 982 (N.D. Ind. 1984); Miller v. IRS, 1985 WL 9678, at *4 (N.D. Ind. May 17, 1985); Miller v. United States, 669 F. Supp. 906, 908 (N.D. Ind. 1987).

| | 07/05/2004 | Interest | $15,333.44 |
| | 12/20/2010 | Failure to Pay Penalty | $2,278.50 |
| 1993 | 07/05/2004 | Tax Assessed | $21,495.00 |
| | 07/05/2004 | Estimated Tax Penalty | $900.53 |
| | 07/05/2004 | Late Filing Penalty | $5,373.75 |
| | 07/05/2004 | Interest | $31,902.41 |
| | 12/20/2010 | Failure to Pay Penalty | $5,373.74 |
| 1994 | 07/05/2004 | Tax Assessed | $16,200.00 |
| | 07/05/2004 | Estimated Tax Penalty | $834.71 |
| | 07/05/2004 | Late Filing Penalty | $4,050.00 |
| | 07/05/2004 | Interest | $20,486.51 |
| | 12/20/2010 | Failure to Pay Penalty | $4,050.00 |
| 1995 | 07/05/2004 | Tax Assessed | $19,675.00 |
| | 07/05/2004 | Estimated Tax Penalty | $1,074.14 |
| | 07/05/2004 | Late Filing Penalty | $4,918.75 |
| | 07/05/2004 | Interest | $20,539.83 |
| | 12/20/2010 | Failure to Pay Penalty | $4,918.74 |

Mr. Miller hasn't fully paid the amounts assessed against him, and his total debt to the IRS from the years in question had risen to $454,715.37 as of September 2, 2015 after taking into account payments, credits, abatements, statutory accruals, and costs.

In addition to these liabilities from the 1991-1995 tax years, Mr. Miller owes penalties for failing to properly file valid tax returns for the 2002-2010 tax years. For each of these years, Mr. Miller again filed an incomplete Form 1040 in which he refused to divulge his or his spouse's Social Security numbers, falsely reported no income, or made the same vague objection citing constitutional provisions. For these deficiencies, the Secretary of the Treasury made the following assessments:

| **Tax Period** | **Assessment Date** | **Assessed Amount** |
|---|---|---|
| 2002 | 3/29/2004 | $500.00 |
| 2003 | 12/6/2004 | $500.00 |
| 2004 | 5/30/2005 | $500.00 |

| 2005 | 11/3/2006  | $500.00     |
|      | 11/6/2006  | $500.00     |
| 2006 | 10/22/2007 | $5,000.00   |
| 2007 | 8/11/2008  | $5,000.00   |
| 2008 | 12/28/2009 | $10,000.00  |
| 2009 | 2/21/2011  | $5,000.00   |
|      | 5/20/2013  | $5,000.00   |
| 2010 | 10/24/2011 | $5,000.00   |

Mr. Miller hasn't paid these assessments in full, and his total debt to the IRS for the 2002-2010 tax years had reached $46,152.39 as of September 2, 2015.

II. LEGAL STANDARD

A district court must grant summary judgment if "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine dispute exists as to any material fact, a court must view all the evidence and draw all reasonable inferences in favor of the non-moving party. *See* Weber v. Univ. Research Assoc., Inc., 621 F.3d 589, 592 (7th Cir. 2010). It isn't appropriate for the court to judge the credibility of the witnesses or evaluate the weight of the

evidence; the only question on summary judgment is "whether there is a genuine issue of fact." Gonzalez v. City of Elgin, 578 F.3d 526, 529 (7th Cir. 2009).

Mr. Miller didn't respond to the government's summary judgment motion. That a motion for summary judgment is unopposed doesn't change the summary judgment standard, and the court still conducts "more than just a cursory review of the filings" and scrutinizes the movant's factual submissions in order to "determine that the motion is sound and within the parameters of the law." Leal v. TSA Stores, Inc., No. 2:13 CV 318, 2014 WL 7272751, at *1 (N.D. Ind. Dec. 17, 2014). An unopposed motion does, however, "reduce the pool" from which facts and inferences relative to the motion may be drawn. Smith v. Severn, 129 F.3d 419, 426 (7th Cir. 1997). Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); Brasic v. Heinemanns, Inc., 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts).

III. DISCUSSION

The IRS's tax assessments and deficiency determinations are presumed correct, and it falls to the taxpayer to overcome that presumption. *See* United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness

– a presumption that can help the Government prove its case against a taxpayer in court.") (internal citations omitted). Courts generally "will not look behind an assessment to evaluate the procedures and evidence used in making the assessment." Ruth v. United States, 823 F.2d 1091, 1094 (7th Cir. 1987).

The government has submitted a certified IRS Form 4340 (titled "Certificate of Assessments, Payments, and Other Specified Matters") for each of the tax years in question. "Several courts have held that a Form 4340 submission is sufficient evidence of the making of an assessment to establish the government's prima facie case of tax liability." United States v. Templeton, 972 F.2d 352 (7th Cir. 1992) (unpublished); see also Hefti v. IRS, 8 F.3d 1169, 1172-1173 (7th Cir. 1993) (holding that "Certificates of Assessments and Payments establish the fact of assessment and carry with them a presumption of validity" and a district court may therefore rely on the Certificates when ruling on a motion for summary judgment).

The Certificates of Assessment provided by the government are prima facie evidence of Mr. Miller's debt to the government for the original assessment amounts. The civil penalties arising from Mr. Miller's failure to pay this debt, the costs of collection, and the interest that accrues on all of these liabilities arise as a matter of law and according to statutory formulas. The penalties for failing to file a timely tax return are adequately supported by the government's submission of Mr. Miller's return forms and by the government's affidavits stating that Mr. Miller didn't file a proper return for the years in question. Because Mr. Miller has come forward with no evidence to rebut the government's prima facie showing

and has offered no reason why the statutory penalties and interest charges shouldn't apply, the government has satisfied its burden of establishing Mr. Miller's tax liability for purposes of summary judgment.

IV. CONCLUSION

For these reasons, the court GRANTS the government's unopposed motion for summary judgment (Doc. No. 23).

Judgment is entered in favor of the United States of America and against the defendant Marvin D. Miller, personally, for unpaid federal income taxes and penalties, and the interest thereon, for the tax years ending December 31, 1991; December 31, 1992; December 31, 1993; December 31, 1994; and December 31, 1995, in the amount of $454,715.37, plus statutory additions and interest from and after September 2, 2015, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. 1961(c), until the judgment is satisfied.

Judgment is further entered in favor of the United States of America and against the defendant Marvin D. Miller, personally, for civil penalty assessments, pursuant to 26 U.S.C. § 6702, and the interest thereon, for the tax years ending December 31, 2002; December 31, 2003; December 31, 2004; December 31, 2005; December 31, 2006; December 31, 2007; December 31, 2008; December 31, 2009; and December 31, 2010, in the amount of $46,152.39, plus statutory additions and interest from and after September 2, 2015, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. 1961(c), until the judgment is satisfied.

SO ORDERED.

ENTERED: January 5, 2016

          /s/ Robert L. Miller, Jr.
Judge
United States District Court