UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Cause No. 3:14-cv-1696-RLM-CAN |
| | ) |
| MARVIN D. MILLER, | ) |
| | ) |
|     Defendant. | ) |

OPINION and ORDER

The United States filed this suit against defendant Marvin D. Miller, seeking to hold Mr. Miller liable for unpaid taxes, penalties, and interest. The government moved for summary judgment, and Mr. Miller properly requested additional documents he wanted to use in opposing the summary judgment motion. The government moved for a stay of any further discovery on September 29, 2015, and the magistrate judge granted that motion on November 3. The magistrate judge's order stayed all discovery pending resolution of the summary judgment motion, and extended Mr. Miller's time to respond. Mr. Miller didn't file a response to the summary judgment motion by the new deadline of November 24, and the court entered judgment in the government's favor on January 6.

This matter is before the court on Mr. Miller's pro se motion for reconsideration. Mr. Miller asks that the court vacate the judgment against him under Federal Rule of Civil Procedure 59(e) and reopen this case. He insists that no one sent him notice of the court's November 3, 2015 order granting the

government's motion to stay discovery and extending the summary judgment response deadline, and says that he only learned of the ruling on January 22 when a friend of his checked the PACER system. If he had seen that order sooner, he argues, he would have objected to the magistrate judge's ruling and opposed summary judgment.

This argument is unpersuasive, because the court sent Mr. Miller notice of the magistrate judge's ruling. The court's records show that a copy of the November 3 order was mailed to Mr. Miller at his P.O. Box in Knox, Indiana – the same mailing address to which the court has sent all notices in this case, and the address Mr. Miller includes below his signature in all of his filings and lists as a return address on all his mailings to the court. Whether Mr. Miller overlooked the court's order or it was somehow lost in the mail is immaterial. By declining to either participate in the court's electronic notification system or provide the court with an email address through which he could be notified of filings immediately, Mr. Miller assumed the risk of delay or nondelivery inherent in communications by mail. The docket of this case is publicly accessible and nothing prevented Mr. Miller from checking it reasonably frequently. He has a responsibility as a civil litigant to monitor the status of his case, and can't escape binding rulings of the court simply by neglecting to look at the docket for over two months when he knows important rulings are pending.

Regardless, reopening this matter isn't appropriate because Mr. Miller hasn't shown that altering or amending the judgment against him is proper

under Rule 59(e). Under Rule 59(e), a party may move to alter or amend a judgment within 28 days after judgment was entered. Motions under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). A manifest error of law or fact under this standard occurs when a district court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

The purported errors Mr. Miller identifies aren't manifest errors of law or fact; he simply disagrees with the court's legal conclusions. Mr. Miller argues that he should have been allowed to conduct discovery on the documents underlying the IRS's Form 4340 tax assessments, and insists that he is entitled by law to see these documents. This is the same argument Mr. Miller made in opposing the government's motion to stay discovery, and the court considered and rejected it for the reasons stated in the magistrate judge's November 3, 2015 opinion and order. The party bringing a motion for reconsideration bears a heavy burden, and such motions "are not at the disposal of parties who want to 'rehash' old arguments." Zurich Capital Mkts., Inc. v. Coglianese, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005). If Mr. Miller disagreed with the court's decision regarding

his requested discovery, he could have challenged it by objecting to the magistrate judge's ruling or filing an appeal.

Mr. Miller has identified no new evidence and no manifest error that would justify altering or amending the judgment against him, so the court DENIES his motion for reconsideration (Doc. No. 40).

SO ORDERED.

ENTERED: <u>February 3, 2016</u>


       <u>/s/ Robert L. Miller, Jr.</u>
Judge
United States District Court